104 F.3d 1296
 41 U.S.P.Q.2d 1134
 GAIA TECHNOLOGIES, INC., Plaintiff-Appellee,
v.
RECONVERSION TECHNOLOGIES, INC., Reconversion Technologies
of Texas, Inc., Progressive Capital Corporation,
Defendants-Appellants,
and
David Gordon, Ira Rimer, Joel Holt and Richard Clark,
Defendants-Appellants.
 Nos. 95-1345, 95-1346 and 95-1347.
 United States Court of Appeals,
Federal Circuit.
 Dec. 4, 1996.
 
 Guy E. Matthews, Houston, Texas, submitted a petition for rehearing and suggestion for rehearing in banc for plaintiff-appellee and also a response to corporate defendant-appellants' petition for rehearing. With him on the petition and the response was William P. Jensen. Of counsel on the petition and the response was Richard L. Stanley, Arnold, White & Durkee, Houston, Texas.
 R. Thomas Seymour, Tulsa, Oklahoma, submitted a response for defendants-appellants David Gordon, Ira Rimer, Joel Holt and Richard Clark to the petition for rehearing and suggestion for rehearing in banc filed by plaintiff-appellee. With him on the response was C. Robert Burton, IV.
 Michael Maness, Houston, Texas, submitted a petition for rehearing for defendants-appellants Reconversion Technologies, Inc., et al. and also a response to the petition for rehearing and suggestion for rehearing in banc filed by plaintiff-appellee. With him on the petition and the response was George D. Gordon, Baggett & Gordon, Conroe, Texas.
 Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.
 
 
 1
 Prior report: 93 F.3d 774.
 
 ORDER
 
 2
 Reconversion Technologies, Inc., Reconversion Technologies of Texas, Inc., and Progressive Capital Corporation (collectively the Corporate Defendants) have petitioned for rehearing of this court's decision dated August 19, 1996. We grant the Corporate Defendants' petition for the limited purpose of amending our earlier opinion as follows:
 
 
 3
 1. Add the following text to the end of the penultimate paragraph on page 15 of the opinion (the paragraph ending with "(5th Cir.1994)."):
 
 
 4
 The district court may not, however, exercise supplemental jurisdiction if there was no federal jurisdiction at the outset; for example, if all of the federal claims are dismissed for lack of standing, there is no Article III case or controversy and § 1367 does not apply. See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (stating that pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim arising under the laws of the United States and there is a sufficient relationship between that claim and the state claim); see also Crane Co. v. American Standard, Inc., 603 F.2d 244, 254 (2d Cir.1979) ("[P]endent state claims must be dismissed if it later is determined that there never existed a federal claim sufficient to invoke the jurisdiction of the federal court.").
 
 
 5
 2. Delete the paragraph bridging pages 15 and 16 (beginning with "In this case," and ending with "on the federal claims.") and replace with the following text:
 
 
 6
 Since there was no standing on the patent and trademark infringement claims, supplemental jurisdiction over the state law claims cannot be exercised under § 1367(a) based on the patent and trademark claims. However, Retech initially pled federal Lanham Act § 43(a) and civil RICO claims. Regardless of whether these claims were prosecuted to a verdict, the standing requirement of § 43(a) (namely, "any person" aggrieved, see 15 U.S.C. § 1125(a) (1994)) is sufficient to create federal question jurisdiction in the district court. Even if the claims never reached a jury verdict, under Baker 's rationale the supplemental claims may still be heard by the district court.
 
 
 7
 However, our reversal of the district court's standing ruling with respect to the patent and trademark infringement claims and our subsequent vacating of the judgment on those claims may materially alter the assumptions made by the district court in deciding to adjudicate the state law claims. Because § 1367(a) places the decision whether to take jurisdiction over state law claims in the sound discretion of the district court, we vacate the judgment against all defendants on the state law claims and remand those claims to the district court for it to determine whether to retain § 1367(a) supplemental jurisdiction over the state law claims in light of our dismissal of the federal patent and trademark claims for want of standing.
 
 
 8
 So ORDERED.
 
 ORDER
 
 9
 A combined petition for rehearing and suggestion for rehearing in banc having been filed by the APPELLEE, and response thereto having been invited by the court and filed by the APPELLANTS, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the suggestion for rehearing in banc and response having been referred to the circuit judges who are in regular active service,
 
 UPON CONSIDERATION THEREOF, it is
 
 10
 ORDERED that the petition for rehearing be, and the same hereby is, DENIED and it is further
 
 
 11
 ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.
 
 
 12
 The mandate of the court will issue on December 11, 1996.